UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                       :

JANE DOE 1, et al.,                        :

                              :

                     Plaintiffs,    :

                              :            21-CV-6865 (VSB)

               - against -        :

                              :           **OPINION & ORDER**

                              :

CONGREGATION OF THE SACRED    :
HEARTS OF JESUS AND MARY, et al.,  :

                              :

                   Defendants.  :

                              :
--------------------------------------------------------X

<u>Appearances</u>:

Darren Wolf, Ashley Marie Pileika
Law Office of Darren Wolf, P.C.
Dallas, Texas

*Counsel for Plaintiffs*

Lauren B. Bristol
Furey Kerley Walsh Matera & Cinquemani P.C.
Seaford, New York

Sanford N. Talkin
Talkin, Muccigrosso & Roberts
New York, New York

*Counsel for Defendant Congregation of the Sacred Hearts of Jesus and Mary*

Timothy C. Doherty, Jr.
Downs Rachlin Martin PLLC
Burlington, Vermont

*Counsel for Defendant Sisters of Charity of Montreal*

Joseph McSpedon
White and McSpedon, P.C.
New York, New York
*Counsel for Defendant Diocese of Fall River*

Philip Semprevivo, Sara Elizabeth Thompson
Biedermann Hoenig Semprevivo P.C.
New York, New York

*Counsel for Defendant Missionary Oblates of Mary Immaculate Eastern Province*

Andrew McCutcheon Lankler
Baker Botts, L.L.P.
New York, New York

*Counsel for Defendant Sisters of Charity of Quebec*

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Before me is the letter-motion filed by Plaintiffs Jane Does 1–100 ("Plaintiffs") seeking to expedite discovery from Defendants Congregation of the Sacred Hearts of Jesus and Mary, Sisters of Charity of Montreal, Diocese of Fall River, Missionary Oblates of Mary Immaculate Eastern Province, and Sisters of Charity of Quebec (together, "Defendants") in the form of:  (1) the deposition of Arthur Craig; and (2) disclosure of the identities and locations of any other living priests, nuns, employees, and/or agents under Defendants' employ or to have direct personal knowledge of Plaintiffs' claims.  Because I find that Plaintiffs' requests are overly broad and burdensome on Defendants, Plaintiffs' motion for expedited discovery is DENIED.

## I.    <u>Factual and Procedural Background</u>

      Plaintiffs filed this action pursuant to the New York Child Victims Act, ("CVA"), N.Y. C.P.L.R. § 214-g, on August 14, 2021, seeking redress for hundreds of alleged incidents of sexual abuse they were subjected to as children by priests, nuns, employees, and other agents under Defendants' employ and control from approximately 1964 to 1970.  (Doc. 1.)  On April 20, 2022, Plaintiffs filed their Amended Complaint.  (Doc. 33 ("Am. Compl.").)  On June 3, 2022, at the parties' request, I held a telephonic status conference to set a briefing schedule for Defendants' motions to dismiss and Plaintiffs' opposition briefs.  (*See* Doc. 58.)  At that

conference, Plaintiffs also requested expedited discovery in the form of the deposition of non-party Arthur Craig ("Craig"), who is 94 years old, and disclosure of the identities and expedited depositions of all living priests, nuns, employees, and agents under Defendants' employ and control likely to have direct personal knowledge of Plaintiffs' allegations.  Plaintiffs' counsel explained that they recently learned that Craig is still alive, but due to his old age, he is at risk of memory loss, health issues, and death, any of which could impede Plaintiffs' eventual deposition of Craig.  I directed the parties to meet and confer and for Plaintiffs to submit—consistent with my Individual Rules & Practices in Civil Cases—a letter-motion identifying their requests for discovery, and for Defendants to then submit response letters.  On June 18, 2022, Plaintiffs submitted their letter-motion for expedited discovery, (Doc. 59 ("Pl. Mot.")), and on June 24, 2022, Defendants submitted their letters in opposition, (Docs. 65–68).

## II.   <u>Legal Standards</u>

Pursuant to Rule 26(b)(1), a party may discover "any nonprivileged matter that is relevant to any party's claim or defense . . ."  Fed. R. Civ. P. 26(b)(1).  Discoverable material must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id*.  The Federal Rules provide "that a party to a civil action may not seek discovery before the parties have conferred as required by Rule[] 26(f), except in certain limited categories of case[s] exempted from the initial disclosure rules or when authorized by Court order."  *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (internal quotation marks omitted).  When determining a request for expedited discovery, courts in this Circuit "examine the discovery request on the entirety of the

record to date and the *reasonableness* of the request in light of all the surrounding

circumstances." *Id*. (citations omitted) (emphasis in original).  In doing so, courts utilize a

"flexible standard of reasonableness and good cause." *Id*.  Courts will also compare "the

potential prejudice which will be suffered by the defendant if discovery is permitted, and that

which will be experienced by the plaintiff if denied the opportunity for discovery at this stage."

*OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006).

### III.   Discussion

#### A.   *Deposition of Arthur Craig*

Plaintiffs seek to immediately depose Craig on the theory that he is likely to have direct,

personal knowledge of Plaintiffs' alleged abuses because he abused Plaintiffs and was generally

present at the seminary and mission house during some or all of the time the alleged abuse

occurred.  (Pl. Mot. 6; Am. Compl. ¶¶ 50–52, 101.)  Plaintiffs allege that Craig was employed by

Defendant Missionary Oblates of Mary Immaculate Eastern Province ("Oblates").  (Pl. Mot. 2, 4;

Am. Compl. ¶¶ 44, 50, 52.)  Based on the arguments in their letter-motion, Plaintiffs request to

immediately depose Craig to "solidify[] personal jurisdiction over Defendants and establish[]

New York as a proper venue for this action" to refute Defendants' pending motions to dismiss

and because of his advanced age.  (Pl. Mot. 4–5.)

Plaintiffs' request is unpersuasive for two reasons.  First, while Craig is alleged to have

been "under the control of the Oblates," Defendant Oblates has not moved to dismiss pursuant to

Rule 12(b)(2) or Rule 12(b)(3) for lack of personal jurisdiction or improper venue, but rather

only moves to dismiss pursuant to Rule 12(b)(6) based on Plaintiffs' failure to file suit within the

revival period authorized by the CVA.  (*See* Doc. 67, at 1; Doc. 61.)  Plaintiffs rely on the case

*Zimmerman, et al. v. Poly Prep Country Day School, et al.*, in which Judge Cheryl L. Pollack

granted the plaintiff's motion to order the deposition of an eighty-year-old former school

headmaster also accused of abusing students.  Order, *Zimmerman, et al. v. Poly Prep Country

Day School, et al.*, No. 09-cv-4586-FB-CLP (E.D.N.Y. May 25, 2010), ECF Doc. 51.  However,

in *Zimmerman*, Judge Pollack granted the request principally to assess the viability of

defendants' equitable estoppel defense based on "new or subsequent acts of wrongdoing."  *See

id*.  Here, any argument that Plaintiffs require Craig's testimony to assess the personal

jurisdiction and venue defenses is without merit because Defendant Oblates does not move to

dismiss on those grounds.  *See Greenwood v. Arthrex, Inc.*, No. 21-CV-1101S, 2022 WL

2117763, at *1 (W.D.N.Y. June 13, 2022) (denying plaintiff's motion for discovery on

jurisdictional issues because defendant did not move to dismiss on jurisdictional grounds).

Plaintiffs do not offer any valid reason they cannot oppose Defendant Oblates' motion to dismiss

without Craig's testimony.  Moreover, with regard to the motions of the other Defendants,

Plaintiffs do not explain how Craig's deposition would be relevant to the jurisdictional or venue

arguments being made in any motions filed by the other Defendants.

      Additionally, Judge Pollack's decision in *Zimmerman* addresses the issue of the intended

deponent's age in a cursory fashion without any legal analysis, merely indicating that it was an

additional factor considered.  *See Zimmerman*, at 16 n.12 ("[T]he advanced age of Mr. Williams

is another factor that supports permitting his deposition at this time.").  Courts in this Circuit

have held that, without a narrower need to conduct a deposition, advanced age on its own is

insufficient to compel expedited discovery in order to preserve testimony.  *See United States v.

Int'l Longshoremen's Ass'n*, No. CV-053212ILGVVP, 2007 WL 2782761, at *1 (E.D.N.Y. Sept.

24, 2007) (denying leave to conduct deposition to preserve testimony due to witness's advanced

age).  Plaintiffs do not offer any argument besides Craig's age in support of their need for

expedited discovery.[1]  (*See* Pl. Mot.)  Having not offered a valid, narrow reason to compel the deposition of Craig, Plaintiffs' request would require Defendant Oblates to expend time and resources locating Craig, preparing him to be deposed without having conducted any document discovery, and defending his deposition during the pendency of its motion to dismiss.  Given the circumstances, Plaintiffs' request to depose Craig on an expedited basis is unreasonable, unduly burdensome, and overly prejudicial to Defendant Oblates.  *See Ayyash*, 233 F.R.D. at 327 (holding that a court should assess the reasonableness of a motion for expedited discovery); *OMG Fid., Inc.*, 239 F.R.D. at 304–05 (holding that a court should also consider the potential prejudice to the defendant when deciding whether to grant expedited discovery).

For these reasons, Plaintiffs' request to order the immediate deposition of Arthur Craig is DENIED.

### B.  *Identities and Locations of Living Witnesses*

Plaintiffs also seek "expedited limited discovery" in the form of "the identities and expedited depositions of all living priests, nuns, employees, and/or agents under Defendants' employ and/or control likely to have direct personal knowledge of Plaintiffs' abuse."  (Pl. Mot. 2.)  As with their request to depose Craig, Plaintiffs request this discovery because any living witnesses "with direct knowledge of Plaintiffs' abuse in the 1960s and 1970s are likely to be in their eighties, or older," (*id*. at 4), and to "solidify[] personal jurisdiction over Defendants and establish[] New York as a proper venue for this action," (*id*. at 5).

For the same reasons that I deny Plaintiffs' request to depose Craig to preserve his testimony, I deny Plaintiffs' request for this expedited limited discovery.  Plaintiffs do not

---

[1] Plaintiffs also do not specify any health problems or other persuasive reasons that Craig's testimony may be unavailable later on in the litigation.

identify any narrow reason that would require the immediate discovery of these individuals,

aside from their presumably advanced age, which is insufficient to compel expedited discovery.

I also note that Plaintiffs' request for "limited discovery" is far from limited; rather, it is overly

broad and unduly burdensome.  Plaintiffs seek the identities and locations of any and all living

individuals who may have witnessed alleged events that occurred within a six-year period over

fifty years ago.  Such a request seeks a wide universe of information and, like with Craig, would

require Defendants to expeditiously locate these individuals, collect their relevant documents,

prepare the witnesses for depositions, and defend their depositions, which would be unduly

burdensome on Defendants and is unreasonable at this point in the litigation.  *See Ayyash*, 233

F.R.D. at 327 (analyzing the reasonableness of a discovery request); *OMG Fid., Inc.*, 239 F.R.D.

at 305 (considering potential prejudice of expedited discovery request to the defendant).  Courts

in this Circuit deny such broad requests.  *See*, *e.g.*, *N. Atl. Operating Co. v. Evergreen*

*Distributors, LLC*, 293 F.R.D. 363, 371 (E.D.N.Y. 2013) (denying expedited discovery request

for documents on broad topic areas because it was "overbroad, overly burdensome and not

reasonable under the circumstances").  Indeed, none of the cases cited by Plaintiffs in their letter-

motion involved courts granting limited discovery based solely on preserving testimony to

support a plaintiff's claims.  (*See* Pl. Mot.; Doc. 65, at 2 n.3.)

　　　　To the extent Plaintiffs seek this information to establish personal jurisdiction and proper

venue, their request is still overly broad.  Requests for limited discovery to help establish

components of jurisdiction should be denied where the discovery "goes as much to the heart of

[the] plaintiff['s] claims on the merits as it does the jurisdictional issues." *Sonterra Cap. Master*

*Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 599 (S.D.N.Y. 2017) (denying

plaintiff's discovery request because the "limited" discovery sought was "in fact quite broad"

and would reveal as much about the merits of the claims as they would about their jurisdictional basis); *see also Zurich Am. Life Ins. Co. v. Nagel*, No. 20-CV-11091 (JSR), 2021 WL 5225947, at *9 (S.D.N.Y. Nov. 10, 2021) (denying plaintiff's motion for limited discovery because "jurisdictional discovery and discovery on the merits are intertwined").  In their letter-motion in which they seek "the identities and expedited depositions of all living priests, nuns, employees, and/or agents under Defendants' employ and/or control likely to have direct personal knowledge of Plaintiffs' abuse," (Pl. Mot. 2), due to their advanced age, Plaintiffs do not deny that they seek merits-based discovery.  In any event, in order to seek jurisdictional discovery, Plaintiffs would need to make a sufficient showing of jurisdiction.  *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017) (holding a plaintiff must "ma[ke] a sufficient start toward establishing" jurisdiction to obtain jurisdictional discovery in the personal jurisdiction context (internal quotation marks omitted)).  Plaintiffs' letter-motion does not make a "sufficient start toward establishing" jurisdiction, *id.*, nor does it even explicitly state the appropriate legal standard for seeking jurisdictional discovery, so I decline to analyze their motion as a motion for jurisdictional discovery at this juncture.[2]

For these reasons, Plaintiffs' request to seek expedited discovery of the identities and locations of any other living priests, nuns, employees, and/or agents under Defendants' employ who have direct personal knowledge of Plaintiffs' claims is also DENIED.

## IV.    Conclusion

For the foregoing reasons, Plaintiffs' motion for expedited discovery in the form of (1) the deposition of Arthur Craig and (2) the disclosure of the identities and locations of any other

---

[2] I also note that Defendants' motions to dismiss are not yet fully briefed, including the motion to dismiss of Defendant Oblates, which, if granted, would result in the dismissal of the Amended Complaint in its entirety. Indeed, the deadline for one Defendant to answer, move to dismiss, or otherwise respond to Plaintiffs' Amended Complaint has not yet passed.  (*See* Doc. 74.)

living priests, nuns, employees, and/or agents under Defendants' employ who have direct

personal knowledge of Plaintiffs' claims are DENIED.

The Clerk of Court is respectfully directed to close the open motion at Doc. 59.

SO ORDERED.

Dated: July 22, 2022
        New York, New York

Vernon S. Broderick
United States District Judge