```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
JANE DOE 1, et al.,                      :
                                         :
                          Plaintiffs,    :    21cv6865 (DLC)
               -v-                       :
                                         :    OPINION AND ORDER
THE CONGREGATION OF THE SACRED HEARTS    :
OF JESUS AND MARY, et al.,               :
                                         :
                          Defendants.    :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiffs Jane Doe 1 and Jane Doe 2:
Darren Wolf
Ashley Marie Pileika
Law Office of Darren Wolf, P.C.
1701 N. Market Street
Suite 210
Dallas, TX 75202

Erin Peake
John Bonina
Bonina & Bonina, P.C.
32 Court Street
Suite 1700
Brooklyn, NY 11201

For defendant the Congregation of the Sacred Hearts of Jesus and Mary:
Lauren B. Bristol
Furey Kerley Walsh Matera & Cinquemani P.C.
2174 Jackson Avenue
Seaford, NY 11783

Sanford N. Talkin
Talkin, Muccigrosso & Roberts
40 Exchange Place
New York, NY 10005

For defendant the Sisters of Charity of Montreal:
Timothy C. Doherty, Jr.

Downs Rachlin Martin PLLC
Litigation Group
199 Main Street
Burlington, VT 05402

For defendant the Diocese of Fall River, also known as the Roman Catholic Bishop of Fall River, a Corporation Sole:
Christopher J. White
Joseph McSpedon
White and McSpedon, P.C.,
875 Avenue of the Americas
New York, NY 10001

For defendant Missionary Oblates of Mary Immaculate Eastern Province:
Philip Semprevivo
Sara Elizabeth Thompson
Biedermann Hoenig Semprevivo P.C.
60 East 42nd Street
Floor 36
New York, NY 10165

For defendant the Sisters of Charity of Quebec:
Andrew McCutcheon Lankler
Baker Botts, L.L.P.(NYC)
30 Rockefeller Plaza
New York, NY 10112

DENISE COTE, District Judge:

Plaintiffs bring this action based on abuse they allegedly suffered as children while enrolled in a boarding school in Massachusetts. Each of the five defendants -- the Congregation of the Sacred Hearts of Jesus and Mary (the "Congregation"), the Diocese of Fall River (the "Diocese"[1]), the Sisters of Charity of

---

[1] The entity sued as the Diocese of Fall River states that it is properly referred to as the Roman Catholic Bishop of Fall River, a Corporation Sole. To align with the naming conventions used in the amended complaint, this Opinion refers to this entity as the Diocese.

Montreal (the "Montreal Sisters"), the Sisters of Charity of Quebec (the "Quebec Sisters"), and the Missionary Oblates of Mary Immaculate Eastern Province (the "Oblates") -- moves to dismiss the plaintiffs' claims on various grounds including timeliness, lack of personal jurisdiction, improper venue, and failure to state a claim.  For the following reasons, the case is dismissed for improper venue.

## Background

The following facts are taken from the plaintiffs' first amended complaint ("FAC").  For the purposes of deciding this motion, the plaintiffs' factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiffs' favor.

In the 1960s, plaintiffs Jane Doe 1 and Jane Doe 2 lived in Brooklyn, New York until their mother enrolled them as students at Sacred Hearts Academy (the "Academy") in Fairhaven, Massachusetts.  Plaintiffs started at the Academy when they were five and six years old and remained students there until 1970.

During their six years at the Academy, the plaintiffs were repeatedly subjected to "hundreds of sexual offenses" by priests and others controlled by or affiliated with the defendants.  The FAC includes details of horrific sexual abuse that occurred to the plaintiffs at the Academy, as well as at the St. Joseph's

3

Orphanage and the Provincial House, both located in Fairhaven, Massachusetts.  The FAC also outlines, with somewhat less specificity, other instances of abuse occurring during weekend trips to, for example, the Oblates' Seminary and Mission House in Essex, New York and an Oblate Seminary in Bucksport, Maine.  Finally, it includes a handful of allegations, devoid of any factual detail, that similar incidents occurred in Newburgh, New York and "other known and unknown locations" in New York, Maine, Massachusetts, Connecticut, Rhode Island, New Hampshire, and Vermont.

Based on the abuse allegedly suffered during their time as students at the Academy, plaintiffs filed this action on August 14, 2021.  Its claims were brought against the Congregation, the Diocese, the Sisters of the Sacred Hearts of Jesus and Mary, the Montreal Sisters, and several unnamed "black and white corporations."  The Montreal Sisters, the Congregation, and the Diocese filed separate motions to dismiss the original complaint on March 25, 2022.  On April 15, the plaintiffs filed the FAC, which rendered those motions to dismiss moot.

As with the original complaint, the FAC asserts claims against the Congregation, the Diocese, and the Montreal Sisters.  The FAC also adds claims against the Quebec Sisters and the Oblates and withdraws any claims against the Sisters of the

4

Sacred Hearts of Jesus and Mary.  The FAC includes five causes of action for negligence; negligent hiring, supervision, and retention; gross negligence; premises liability; and breach of fiduciary duty.[2]  Subject matter jurisdiction is premised on diversity of citizenship.

The Montreal Sisters, the Congregation, and the Diocese each filed separate motions to dismiss the FAC on May 13, 2022.  On June 18, the plaintiffs filed a motion for expedited discovery, which was denied on July 22.  The Oblates filed their motion to dismiss the FAC on June 21, and the Quebec Sisters filed their motion to dismiss the FAC on August 15.

On August 17, the case was reassigned to this Court.  On September 29, the plaintiffs filed an omnibus response to the pending motions to dismiss the FAC.  The motions to dismiss were fully submitted on October 21.

## Discussion

The defendants' motions to dismiss the FAC present various grounds for dismissing the FAC including timeliness, lack of personal jurisdiction, improper venue, and failure to state a claim.  For the following reasons, the FAC is dismissed for improper venue.

---

[2] The breach of fiduciary duty claim is brought against only the Diocese and the Congregation.

5

The general venue rule for civil cases in federal court provides in pertinent part that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b).  The Second Circuit has cautioned district courts "to take seriously the adjective 'substantial'" in § 1391 and has stated that "for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005).  A plaintiff faced with a motion to dismiss for improper venue may choose to rely on pleadings and affidavits to oppose the motion.  Id. at 355.  In such cases, "the plaintiff need only make a prima facie showing of venue."  Id. (citation omitted).

If venue does not lie where an action was brought, 28 U.S.C. § 1406(a) provides that "[t]he district court . . . shall dismiss [the case], or if it be in the interest of justice, transfer such case to any division or district in which it could have been brought."  "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir.

2005).  Unless the case is a "sure loser," a "compelling reason" for transfer "is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum."  Gonzalez v. Hasty, 651 F.3d 318, 324 (2d Cir. 2011) (citation omitted).  Nonetheless, if allowing a transfer would "reward" a plaintiff for a "lack of diligence in choosing a proper forum," transfer is "not in the interest of justice." Spar, Inc. v. Info. Res., Inc., 956 F.2d 392, 394 (2d Cir. 1992).  Likewise, the "interest of justice" analysis should not reward a plaintiff for forum shopping and "is not a vehicle for resurrecting a claim lost because the plaintiff erred in its initial choice of forums."  Id. at 395 (citation omitted).

Plaintiffs have not made a prima facie showing that venue lies in the Southern District of New York.  The focus of the plaintiffs' claims is on events that transpired at the Academy, St. Joseph's Orphanage, and the Provincial House, all of which were in the District of Massachusetts.  Defendants allegedly transported plaintiffs between these locations and the plaintiffs' home in Brooklyn, New York, which is in the Eastern District of New York.  In addition to the events that occurred in Massachusetts, plaintiffs also outline, with some detail, incidents relevant to their claims that occurred in Maine, as well as in Essex, New York, which is in the Northern District of

New York.  Thus, the FAC indicates a strong connection to multiple federal judicial districts, but the Southern District of New York is not one of them.

There are only a handful of allegations at all relevant to the Southern District of New York and these allegations are insufficient to show that venue lies in this district.  Two of these allegations assert vaguely that incidents similar to those that are the focus of the FAC also occurred in Newburgh, New York.  Those allegations, however, lack the factual specificity needed to show that a substantial portion of the events giving rise to the plaintiffs' claims occurred in this district.  These allegations contain no identification of specific individuals involved or articulation of any specific incidents in Newburgh.  The remaining allegations related to this district concern "a minor seminarian student, 'T.C.'," who was allegedly sexually assaulted by a member of the Oblates in Newburgh in 1965.  T.C., however, is not a plaintiff to this litigation, and plaintiffs have not articulated why acts occurring to T.C. constitute "significant events or omissions material to" the plaintiffs' claims.  Gulf Ins. Co., 417 F.3d at 357.  Accordingly, plaintiffs have failed to show why venue lies in this district.

Plaintiffs do not argue that a substantial portion of events occurred in this district.  Instead, they contend that

"because the events in question take place across multiple districts and states, Subsection 3 of 28 U.S.C. § 1391(b) applies" and therefore venue is proper because the Court can allegedly assert personal jurisdiction over the defendants. This argument fails. Section 1391(b)(3) applies only if "there is no district in which an action may otherwise be brought as provided" in the other subsections of the general venue provision. It is clear from the FAC, however, that venue would be proper in at least the District of Massachusetts. Thus, § 1391(b)(3) is inapplicable.[3]

Because venue is improper, the case must either be dismissed or transferred to another district where venue lies. Since the plaintiffs have failed to show why transfer is in the interests of justice, the case is dismissed. The parties' only arguments regarding transfer concern whether transfer to the District of Massachusetts is appropriate. Defendants suggest that the District of Massachusetts may be a proper forum, but

---

[3] Plaintiffs also suggest in the FAC that venue is proper because "all or a substantial part of the events or omissions forming the basis of [the plaintiffs'] claims occurred in the State of New York, which is within the jurisdiction of this Court." This argument also fails. The question of venue concerns the proper judicial district in which to bring a claim. The State of New York encompasses four federal districts. Thus, allegations that substantial relevant events occurred somewhere in the State of New York are inadequate to show why venue is proper in this district.

9

plaintiffs ask the Court not to transfer to that district due to a possible cap on damages under Massachusetts law. Additionally, in a different section of their brief, the plaintiffs suggest that they would be able to refile their claims in Maine because actions based on the sexual abuse of minors may be commenced in Maine at any time, regardless of any otherwise applicable statutes of limitation. See Me. Stat. tit. 14 § 752-C (2021). Accordingly, there is no indication that the interests of justice mandate transferring the case to another district.

Finally, in a single sentence at the end of their opposition brief, the plaintiffs request leave to amend the FAC to address any deficiencies. In general, leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied, however, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Eastman Kodak Co. v. Henry Bath LLC, 936 F.3d 86, 98 (2d Cir. 2019) (citation omitted). Additionally, a plaintiff "need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014).

The request for leave to amend is denied. Plaintiffs do not identify how further amendment would show that venue lies in the Southern District of New York. Moreover, plaintiffs were alerted to the problem of inadequate allegations regarding venue in the motions to dismiss the original complaint but failed to correct it. As a result, any further amendment would be futile.

## Conclusion

The plaintiffs' claims are dismissed without prejudice to refiling in a district where venue lies. The Clerk of Court is directed to close the case.


Dated:   New York, New York
         January 13, 2023

                                  _____
                                       DENISE COTE
                                  United States District Judge